IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARNELL E. PRUITT,

        Plaintiff,                      No. 2:13-cv-640-JAM-EFB P

    vs.

SACRAMENTO COUNTY JAIL, et al.,

        Defendants.              ORDER

                                      /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff requests leave to proceed in forma pauperis.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Standard and Requirements**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

/////

### III. Screening Order

The court has reviewed plaintiff's complaint pursuant to § 1915A. According to the allegations therein, plaintiff informed defendant Rousch that other inmates were threatening and intimidating him. Rousch allegedly told plaintiff not to worry, because prison staff had monitors and call buttons. Plaintiff says that some time thereafter he was "savagely beaten" by a "group of punks." These allegations are too vague and conclusory to state a claim for relief as to any particular defendant. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts that the defendants engaged in that support plaintiff's claim(s). *Id.* Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), and otherwise fails to state a claim, under the standards discussed below, the complaint must be dismissed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a

/////

plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Here, the allegations regarding the conversation that plaintiff had with defendant Rousch do not demonstrate a violation of plaintiff's Eighth Amendment rights. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. That is, the defendant must have known that the inmate faced a substantial risk of serious harm, and must have also disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

Negligence does not amount to a violation of a federal constitutional or statutory right. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence.").

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint

4

shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

/////

/////

     3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: October 8, 2013.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE